HEGARTY v FIRST FEDERAL SAVINGS AND LOAN
ASSOCIATION

Docket No. 117772. Submitted December 10, 1991, at Lansing. Decided January 22, 1992, at 9:15 A.M.

Michael K. Hegarty, as personal representative of the estate of Agnes Daly Van Horn, deceased, brought an action in 1988 in the Livingston Circuit Court against First Federal Savings and Loan Association, seeking the payment of funds from a Totten trust established by Joseph Daly before his death in 1978 that named Agnes Van Horn as the beneficiary. The trust account was closed in 1979 when the defendant disbursed the funds to Van Horn's son, John Van Horn, when he forged Mr. Daly's signature. Agnes Van Horn died in 1985, and the personal representative demanded payment on the account in 1988. The court, Stanley J. Latreille, J., entered judgment for the plaintiff after finding that the statute of limitations applicable to the claim did not begin to run until the demand for payment was made. The defendant appealed, alleging that the statute of limitations began to run when the funds were wrongfully disbursed to John Van Horn and that the action was not timely.

The Court of Appeals *held:*

A cause of action for the alleged wrongful disbursement of Totten trust funds accrues when demand for payment is made by the person legally entitled to the funds, not at the time of an alleged wrongful disbursement. The statute of limitations did not begin to run in this action until the personal representative demanded the funds in 1988.

Affirmed.

*Lavan & Hegarty* (by *Michael K. Hegarty*), for the plaintiff.

*Schier, Deneweth & Parfitt, P.C.* (by *Laura L. Douglas*), for the defendant.

Before: WEAVER, P.J., and MACKENZIE and FITZGERALD, JJ.

Per Curiam. In 1971, Joseph Daly opened three separate Totten trust accounts, each with a sole beneficiary, with First Federal Savings and Loan Association, naming Esther Lynch, Rosemary Lynch, and Agnes Van Horn as the beneficiaries. Shortly before Mr. Daly's death in November 1978, John Van Horn, Mr. Daly's nephew and Agnes Van Horn's son, closed the three accounts and opened three new Totten trust accounts by forging Mr. Daly's signature. Esther Lynch, Agnes Van Horn, and James Lyle were named as beneficiaries.

In May 1979, John Van Horn withdrew the money from the accounts of Esther Lynch and Agnes Van Horn. From his mother's account, Van Horn obtained $12,263.75. In January 1981, Esther and Rosemary Lynch brought suit against defendant for breach of contract of deposit and recovered their trust money. The trial court record in this case includes a November 1980 letter from the personal representative of the estate of Joseph Daly, deceased, to a third party that mentioned the possible forged closing of Agnes Van Horn's account and pending criminal charges against John Van Horn and indicated that a copy of the letter was sent to Agnes Van Horn. Plaintiff concedes that Agnes Van Horn knew about the forgery. However, she never brought suit for recovery of her trust funds before her death in 1985.

In April, 1988, plaintiff, the personal representative of Agnes Van Horn's estate, made a formal written demand of defendant for payment of the funds of Agnes Van Horn's trust account. Defendant refused to make the requested payment because the funds had already been disbursed. On May 20, 1988, plaintiff filed a complaint against defendant for payment of these funds.

Plaintiff and defendant both filed motions for

summary disposition pursuant to MCR 2.116(C)
(10), claiming that except for the amount of dam-
ages there was no genuine issue of material fact
and judgment should be entered as a matter of
law. Following a hearing, the trial court entered
an opinion granting plaintiff's and denying defen-
dant's motions for summary disposition. A judg-
ment of $28,237.48 plus statutory interest and
costs was entered in plaintiff's favor. Defendant
appeals, arguing that the court erred in not find-
ing that the action was barred by the statute of
limitations. We affirm.

The issue presented is at what point the cause of
action accrued: when the bank disbursed the funds
to the forger or when plaintiff demanded payment
on the account.

Defendant argues that the claim accrued when
defendant breached the contract of deposit by
wrongfully disbursing the funds, analogizing the
situation to the wrongful payment of a forged
instrument such as a forged check. We disagree.

A Totten trust is defined as:

> A trust created by the deposit by one person of
> his own money in his own name as a trustee for
> another and it is a tentative trust revocable at will
> until the depositor dies or completes the gift in his
> lifetime by some unequivocal act or declaration
> such as delivery of the passbook or notice to the
> beneficiary and if the depositor dies before the
> beneficiary without revocation or some decisive act
> or declaration of disaffirmance the presumption
> arises that an absolute trust was created as to the
> balance on hand at the death of the depositor.
> [Black's Law Dictionary (5th ed).]

This Court has previously recognized that a
Totten trust is essentially a savings account, "es-
tablished merely by the deposit of money in an

account labeled 'A in trust for B.' " *May v American Savings Ass'n,* 46 Mich App 668, 673; 208 NW2d 619 (1973).

In such a general deposit account, a demand is necessary to enable a depositor to bring a cause of action for such funds. *In re McKeyes' Estate,* 315 Mich 369; 24 NW2d 155 (1946). Accordingly, in this case the statute of limitations did not begin to run until such demand was made in April, 1988.

We affirm the judgment below.